UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS WASHINGTON, <br><br> *Plaintiff*, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING, *et al.*, <br><br> *Defendants*. | Case No. 1:23-cv-03447 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marcus Washington, a D.C. resident, sued Specialized Loan Servicing, a financial institution, under claims of fraud and racketeering. Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss. Dkt. 27. Because Plaintiff's Second Amended Complaint does not meet the requirements of Federal Rules of Civil Procedure 8(a) and 9(b), this Court grants Defendant's Motion to Dismiss.[1]

A Rule 12(b)(6) motion tests whether the complaint "state[s] a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Court "must first tak[e] note of the elements a plaintiff must plead to state [a] claim to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to state a claim to relief that is plausible on

---

[1] Plaintiff initially sued Specialized Loan Servicing for violating various consumer protection laws. Dkt. 1. His Amended Complaint alleged similar violations of consumer protection laws. Dkt. 5. In his Second Amended Complaint, Plaintiff dropped the consumer protection claims and brought only two claims: fraud and racketeering. Dkt. 21. His Second Amended Complaint named as Defendants not just Specialized Loan Servicing, but also an additional corporation, a limited liability company, and eighteen employees of the various companies sued. *Id.* Only Defendant Specialized Loan Servicing filed a Motion to Dismiss. Dkt. 27. But because the reasons for dismissal apply equally to all Defendants, the Court dismisses Plaintiff's claims in their entirety. *See* Fed. R. Civ. P. 8(a), 9(b).

its face." *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (cleaned up). Mere conclusions are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a) provides that a pleading "must contain . . . a short and plain statement of the claim" showing that the court has jurisdiction and that the pleader is entitled to relief. FED. R. CIV. P. 8(a). This rule aims to give fair notice to defendants of the asserted claims so that they can file responsive pleadings and raise appropriate defenses. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Under Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting [the] fraud." FED. R. CIV. P. 9(b). This rule "normally [] means that the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud." *United States v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (cleaned up). However, the particularity requirement under Rule 9(b) "does not abrogate Rule 8, and it should be harmonized with the general directives in subdivisions (a) and (e) of Rule 8 that the pleadings should contain a short and plain statement of the claim or defense and that each averment should be simple concise and direct." *Id.* at 1386 (cleaned up).

Plaintiff's Second Amended Complaint fails to satisfy any of these standards. Count One alleges that Defendant LoanDepot.com engaged in some kind of fraudulent transaction. Dkt. 21 at 7. Though Plaintiff—very briefly—details a loan agreement he made with LoanDepot.com, he merely argues, without providing any evidence, that LoanDepot.com violated 18 U.S.C. §§ 1001, 1010, 1341, and 1343. *Id.* Indeed, Plaintiff's entire "factual background" consists of just four sentences and mentions Defendant Specialized Loan Servicing once. *Id.* Not only does this not provide Defendant Specialized Loan Servicing or any other Defendant with notice as to

the claims against them, but Plaintiff's brief description wholly fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  Nor does Plaintiff meet the heightened pleading standard for fraud claims, as he does not provide a single detail required by Rule 9(b).  *Id.*

Plaintiff's second count fares no better.  He incorporates the same four vague paragraphs from Count One and simply adds that "[D]efendants, collectively, and each of them, conspired with each other to further their ongoing business model in violation of 18 U.S.C. §§ 1961; 1962(d)."  *Id*.  Because none of Plaintiff's claims are "meaningfully distinguished from bold conclusions," they "do[] not fulfill the requirements of Rule 8."  *Webb v. Dep't of Army*, 2022 WL 17851470, at *1 (D.D.C. October 7, 2022).  And since Rule 9(b) subjects allegations of fraud to heightened scrutiny, Plaintiff's Second Amended Complaint is undoubtedly deficient.

While the Court must construe a *pro se* complaint together with all the plaintiff's filings, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), none of Plaintiff's filings bolster his threadbare allegations.  *See* Dkts. 30, 32.  Neither his Reply nor Surreply to Defendant's Motion supplements his Second Amended Complaint with any new facts, much less enough facts to satisfy either Rule 8(a) or Rule 9(b).  *Id.*  And though courts hold *pro se* litigants' complaints to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "even *pro se* litigants must comply with the Federal Rules of Civil Procedure," *Boone v. Schorr*, 1999 WL 1029160, at *1 (D.D.C. May 25, 1999).  Thus, even a lenient reading of Plaintiff's Complaint cannot overcome the sheer lack of facts alleged.  The Court therefore dismisses Plaintiff's Second Amended Complaint for failure to comply with Rule 8(a) and Rule 9(b).

Accordingly, it is hereby **ORDERED** that this case is **DISMISSED** without prejudice. This is a final appealable order. *See* Fed. R. App. P. 4(a). The Clerk of Court is **DIRECTED** to terminate this case.

Date: November 22, 2024

_____

Ana C. Reyes

United States District Judge